IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WRI PROPERTY MANAGEMENT,
LLC, and RESIDENTIAL
CAPITAL MANAGEMENT FUND
1, LP,

        Plaintiffs,

v.

NICOLETTE FILSAIME,

        Defendant.

1:16-cv-4512-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] ("R&R"). The R&R recommends the Court remand this action to the Magistrate Court of DeKalb County, Georgia.

**I.    BACKGROUND**

Defendant Nicolette Filsaime ("Defendant"), proceeding *pro se*, seeks to remove a dispossessory action from the Magistrate Court of DeKalb County, Georgia, to this Court. ([1]). Defendant is a legal resident of Lithonia, Georgia. (Notice of Removal [1.1]). Defendant alleges that plaintiffs, WRI Property Management, LLC and Residential Capital Management Fund 1, LP ("Plaintiffs"),

violated federal law.  (See id.).  Defendant attached to her Notice of Removal a "Dispossessory Warrant" filed in the Magistrate Court of DeKalb County.  (Id.).

On December 9, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge found that, because Defendant is a citizen of Georgia, the Court does not have diversity jurisdiction over this action.  The Magistrate Judge also found that the Dispossessory Warrant does not indicate any federal question.  Accordingly, the Magistrate Judge recommends the Court remand this action to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c).  Defendant did not file any objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and

recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  A federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

This is a dispossessory action based solely on state law.  That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987) ("The presence of a federal defense does not make the case removable . . . .").  Removal is not proper based on federal question jurisdiction.

The Magistrate Judge found that the parties are not diverse.  Thus, the Court does not have any basis for jurisdiction over this action.  The Magistrate Judge recommends the Court remand this action to the Magistrate Court of DeKalb

County, Georgia. The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 1st day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE